UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Pagiel Omega Lewis, | ) | C/A No. 5:16-cv-03224-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| Heinous Klansman Tyrant, and | ) | |
| Teresa Williams, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

This is a civil action filed pro se by a federal prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual Background

Pagiel Omega Lewis ("Plaintiff") is a federal prisoner currently incarcerated at USP Pollock in Pollock, Louisiana. From the rather circuitous and confusing allegations presented in the Complaint that Plaintiff submitted, the court has pieced together the following factual backdrop. Plaintiff alleges that Defendant Williams was a corrections officer at Wateree Correctional Institution, a State of South Carolina prison, where Plaintiff was incarcerated in 2001. Plaintiff asserts that Defendant Williams and an unnamed "affiliate of the J. Rueben Long Detention Center-Conway, South Carolina," who appears to be the Defendant called "Heinous Klansman Tyrant," used sorcery on and racial or ethnic bias against him in order to imprison his nephew in 2007. ECF

No. 1-1 at 2.[1] Plaintiff also alleges that in August 12, 2016, he was forced into lock-up at his current place of confinement "by hostile inmates" and that other inmates can hear his thoughts by "remote transmission," making it difficult for him to be "housed in [a] cell with other prisoners." *Id*. at 3. Without any detail or discussion Plaintiff's pleading also includes the following list: "Conspiracy; Mail and Wire Fraud; Falsifying Documents; RICO Violations; Bribery; Public Corruption; Securities Fraud; Extortion; and Prosecutorial Misconduct." *Id*. Plaintiff does not name a defendant who is employed by USP Pollock or who resides there. Plaintiff further states that he suffered serious injuries "prior to incarceration" and was treated in Little River, South Carolina and Wilmington, North Carolina before undergoing surgery for "complex facial fractures" in Charleston, South Carolina in 2006. *Id*. at 4. Plaintiff does not name a defendant who was allegedly responsible for his injuries or his medical care.

Finally, Plaintiff alleges that he was subjected to pepper spray while detained at the Florence County (South Carolina) Detention Center, *id*. at 5, but he does not say when that happened nor does he name any employee of the detention center as a defendant. He also alleges that he suffered serious injuries while incarcerated at two different Kentucky detention centers (Grayson County and Palaski County) and a Georgia detention center (Lincolnton County), *id*., but he does not name any employee of any of those detention centers as a defendant. Plaintiff also alleges that he was severely injured at USP Lewisburg in Lewisburg, PA on September 13, 2013, *id*., but he does not name any employee of that federal prison as a defendant.

---

[1] The applicable facts are taken from an attachment to Plaintiff's Complaint, ECF No. 1-1, because the Complaint, ECF No. 1, itself contains only conclusory assertions and is devoid of substantive factual allegations.

As relief, Plaintiff asks this court to "[l]ocate and identify the (occult psychopath) tyrant" and to order that torture "cease and desist." Compl. 4, ECF No. 1. Plaintiff further requests "remuneration for wrongful arrest and incarceration" and that his sentence be vacated. *Id.*

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III. Discussion

Initial pleadings, whether submitted by attorneys or by pro se litigants, must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding *Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)); *Godbey v. Simmons*, No. 1:11cv704 (TSE/TCB), 2014 WL 345648, at *4 (E.D. Va. Jan. 30, 2014) ("Whether filed by a pro se litigant or not, 'claims brought in federal court are subject to the generally applicable standards set forth in the Supreme Court's entire Rule 8(a) jurisprudence, including [*Bell Atl. Corp. v.*] *Twombly* [550 U.S. 544 (2007)] and *Iqbal*.'") (quoting from *Cook v. Howard*, 484 F. App'x 805, 810 (4th Cir. 2012)). Even though a pro se plaintiff's pleadings are to be liberally construed, a pro se complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570 (citations omitted); *see Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 248, 253-54 (4th Cir. 2005) (pro se pleading dismissal affirmed when insufficient facts alleged to put defendants on notice of or to support asserted due-process claim). The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. *Twombly,* 550 U.S. at 555; *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 256 (4th Cir. 2009) (examining sufficiency of factual allegations under *Iqbal* standards). "[A] formulaic recitation of the elements of a cause of action will not do[,]" *Twombly,* 550 U.S. at 555, nor will mere labels and legal conclusions suffice, *id.* Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-

unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Thus, any litigant, including a pro se litigant like Plaintiff, must provide sufficient factual allegations supporting each element of the kind of legal claim he seeks to pursue in this court to allow this court to "draw the reasonable inference that [Defendants are] liable for the misconduct alleged." *Id.*; *see Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003) (a plaintiff must allege facts that support each element of the claim advanced); *Leblow v. BAC Home Loans Servicing, LP*, No. 1:12-CV-00246-MR-DLH, 2013 WL 2317726, at *3 (W.D.N.C. May 28, 2013) (same). The complaint must contain sufficient factual allegations to allow the court to determine who did what to whom and when and where the alleged misconduct took place. *See Twombly*, 550 U.S. at 565 n.10 (noting that the defective complaint "mentioned no specific time, place, or person involved in" the alleged illegal activity); *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008) (complaint must "answer the basic questions: who, did what, to whom (or with whom), where, and when?").

As currently drafted, however, Plaintiff's Complaint resembles a prohibited fishing expedition rather than a properly pleaded complaint, *Artuso v. Vertex Pharm., Inc.*, 637 F.3d 1, 8 (1st Cir. 2011), because, it primarily contains factual allegations that have no relationship to the two named Defendants. Plaintiff names only two Defendants—one by name and one who is identified by way of a fictitious description—and both of whom appear to be South Carolina residents based on Complaint allegations and service documents. ECF No. 1 at 3. However, Plaintiff writes extensively about injuries he allegedly suffered in three out-of-state detention centers and one out-of-state federal prison and does not connect either of the named Defendants to those injuries. As a result, Plaintiff's Complaint fails to state any plausible claims arising from the alleged injuries in Florence County, South Carolina, Kentucky, or Pennsylvania because he fails to show that either of

the named Defendants were in any way responsible for those injuries.

With regard to the remaining allegations in the Complaint in which Plaintiff asserts that the two named Defendants used "sorcery" or racial or ethnic discrimination while Plaintiff was incarcerated in 2001 to imprison Plaintiff's nephew in 2007, no plausible claim is stated against either Defendant because the statute of limitations has run on any false arrest, malicious prosecution, or other civil rights claim that is arguably asserted.[2] As the Fifth Circuit Court of Appeals has stated, "[l]imitations statutes . . . are not cadenced to paper tidiness and litigant convenience. Time dulls memories, evidence and testimony become unavailable, and death ultimately comes to the assertions of rights as it does to all things human." *United States v. Newman*, 405 F.2d 189, 200 (5th Cir. 1969) (citation omitted). In civil rights cases filed in the District of South Carolina, this court must apply South Carolina's general personal injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 265-80 (1985) (in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries). South Carolina's applicable personal injury statute of limitations establishes a three-year limitations period for personal injury causes of action arising on or after April 5, 1988. S.C. Code Ann. § 15-3-530. Thus, Plaintiff's claims of false arrest, malicious prosecution, and illegal incarceration in this court are governed by

---

[2] For purposes of this Report and Recommendation, the undersigned is assuming without deciding that Plaintiff's allegations are sufficient to state plausible constitutional claims. However, it is questionable whether Plaintiff's assertions of the use of sorcery should be considered in the plausibility analysis since they could reasonably be considered to be frivolous delusional allegations. *See Brock v. Angelone*, 105 F.3d 952, 953-54 (4th Cir. 1997) (finding that prisoner's claim that he was being poisoned or experimented upon via an ingredient in pancake syrup served at his prison was fanciful or delusional, and the appeal was dismissed as frivolous with sanctions); *Feurtado v. McNair*, No. 3:05-1933-SB, 2006 WL 1663792, at *3 (D.S.C. June 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations).

the § 1983 three-year statute of limitation.[3]

Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading. *See*, *e.g.*, *Am. Nat'l Bank v. FDIC*, 710 F.2d 1528, 1537 (11th Cir. 1983); *United States v. Ward*, 618 F. Supp. 884, 901 (E.D.N.C. 1985). Even so, the holding in *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses that would be available to defendants in determining under 28 U.S.C. § 1915 whether process should be issued against those defendants. *See Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D. Va. 1989) ("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed."). In *Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W. Va. 1984), the district court stated that "[a]lthough some of the matters discussed constitute affirmative defenses, . . . where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) [and] finding a complaint frivolous.") (citations omitted).

Here, Plaintiff complains about his own incarceration and the conditions of his confinement

---

[3] Plaintiff's claims for relief allegedly arising from the conditions of his confinement within state and federal prisons and local detention centers are properly considered by this court under its federal question jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using the badges of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). Although Plaintiff lists several other words such as securities fraud, mail and wire fraud, conspiracy, RICO, bribery, and extortion, ECF No. 1-1 at 3, he includes no factual allegations that would support any plausible claim that would be described by those words. Thus, other than § 1983, no other viable basis for the exercise of this court's subject matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

at Wateree Correctional Institution and/or at J. Reuben Long Detention Center, which he states began in 2001, and asks that his sentence be vacated. He also complains about his nephew's incarceration, which he clearly states began in 2007. These are the only matters that are arguably related to the factual allegations against the two named Defendants. Under the applicable law cited above, in order to be timely, Plaintiff's claim for his own incarceration should have been brought by 2004 at the latest[4] and his claim for his nephew's incarceration—if otherwise available[5]—should have been brought by 2010 at the latest. Because the only allegations that are clearly related to the only two named Defendants are barred by the applicable statute of limitations, summary dismissal is required.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

*[signature]*

November 4, 2016                                             Kaymani D. West
Florence, South Carolina                                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[4] Plaintiff does not provide any other dates in connection with his claimed issues related to his confinement at Wateree Correctional Institution or J. Reuben Long Detention Center.

[5] A pro se plaintiff cannot sue for the injuries of others. He is limited to claims arising from his own injuries. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998) ("Because pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).